IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUKUR-US, *et al.*, <br><br> Defendants, | No. 20-cv-03128 <br><br> Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Beijing Chinasigns Information Co. Ltd.'s Motion to Intervene (Dkt. 70) is granted.

**I.  BACKGROUND**

On May 27, 2020, Plaintiff Volkswagen Group of America, Inc. anonymously initiated this suit against certain e-commerce stores operating under the seller aliases identified in Schedule A to the Amended Complaint. (Dkt. 15.) The same day, Volkswagen sought a temporary asset restraint freezing certain PayPal accounts associated with the defendant-stores. (Dkt. 17.) The Court ordered Volkswagen to reveal its identity but otherwise granted the motion two days later. (Dkt. 30, 31.) The restraint applied to a PayPal account with a balance of $144,747.23 that two defendants (the "Stores") used to collect proceeds from the sale of counterfeit Volkswagen products. (*See* Dkt. 73 at 1.) On September 1, 2020, the Court entered default judgment against the Stores in the amount of $200,000 in statutory damages. (Dkt. 66.)

The proposed intervenor, Beijing Chinasigns Information Co. Ltd. ("BCI"), purports to be the owner of the PayPal account. BCI alleges that, because the Chinese government only permits a limited number of companies to receive money from overseas, it operates the PayPal account as a trustee for numerous companies (including the Stores). (Dkt. 70 at 1.) BCI further claims that only $3,666.82 of the $144,747.23 in the account belongs to the Stores, and that it held in trust the remaining $141,080.41 on behalf of other companies and individuals. (*Id.* at 2.) BCI seeks to intervene to modify the judgment such that Volkswagen will not be able to recoup money from the PayPal account that does not belong to the Stores. (*Id.*)

## II. DISCUSSION

There are two types of intervention: as of right and permissive. The Court will address each in turn.

### A. Intervention as of Right

Federal courts "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In other words, the intervenor must show: "(1) timeliness, (2) an interest relating to the subject matter of the main action, (3) at least potential impairment of that interest if the action is resolved without the intervenor, and (4) lack of adequate representation by existing parties." *Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002). The burden is on the

intervenor to show all four elements are met. *See S.E.C. v. Homa*, 17 F. App'x 441, 445 (7th Cir. 2001) (nonprecedential disposition) (internal citations omitted). But the Court "must accept as true the non-conclusory allegations of the motion." *Illinois v. City of Chicago*, 912 F.3d 979, 984 (7th Cir. 2019) (cleaned up) (citing *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995); *Lake Invs. Dev. Grp., Inc. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1258 (7th Cir. 1983)). And the motion "should not be dismissed unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." *Id*.

For the following reasons, BCI has met its burden as to all four elements and must, therefore, be allowed to intervene.

>   i.   Timeliness

Courts consider four factors when determining the timeliness of intervention: "(1) [t]he length of time the intervenor knew or should have known of his interest in this case, (2) the prejudice to the original party caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances." *Ragsdale v. Turnock*, 941 F.2d 501, 504 (7th Cir. 1991). The timeliness requirement is a flexible one and is determined by considering the totality of the circumstances. *See Shea v. Angulo*, 19 F.3d 343, 348-49 (7th Cir. 1994). Even a post-judgment motion to intervene may be timely so long as "the would-be intervenor acts with dispatch upon learning of its interest in the case." *Gibralter Mausoleum Corp. v. Cedar Park Cemetery Ass'n, Inc.*, No. 92 C 5228, 1993 WL 135454, at *3 (N.D. Ill. Apr. 29, 1993) (citing *United Airlines v. McDonald*, 432 U.S. 385, 395-

96 (1977)). Would-be parties, however, cannot "watch the litigation proceed for years and then jump in after its end." *Humphrey v. United States*, 787 F.3d 824, 825–26 (7th Cir. 2015).

Although the Court has already entered judgment, Volkswagen does not seriously dispute the timeliness of BCI's intervention.[1] BCI notes that it retained counsel and contacted Volkswagen the same day that it received notice from PayPal that its account was frozen. (Dkt. 70 at 5.) On August 14, 2020, Volkswagen and BCI agreed BCI would have 30 days to appear in the case before Volkswagen sought a default, but that agreement was reached under the misunderstanding that BCI owned the two defendant entities. (*Id.*) When Volkswagen discovered that was not the case, it moved quickly to obtain a default judgment. Two weeks after that, BCI moved to intervene. (*Id.* at 6.)

These facts are similar to *Cedar Park Cemetery Ass'n, Inc.*, No. 92 C 5228, 1993 WL 135454 (N.D. Ill. Apr. 29, 1993), a contract dispute between a cemetery association and a construction company. In *Cedar Park*, the Court entered judgment against the cemetery association and ordered a trust company to transfer to the construction company funds held in a sales trust established by the association. *Id.* at *1. The receiver of the trust moved to intervene, arguing that allowing the plaintiff

---

[1] Volkswagen makes a brief reference to timeliness in a footnote. (*See* Dkt. 73 at n. 1.) Arguments hidden in footnotes are waived. *United States v. White*, 879 F.2d 1509, 1513 (7th Cir. 1989) ("by failing to raise this issue other than by a passing reference in a footnote, White has waived it"); *LaFlamboy v. Landek*, No. 05 C 4994, 2009 WL 10695377, at *2 (N.D. Ill. Jan. 12, 2009) ("the Court deems arguments hidden in footnotes waived"). Moreover, counsel for Volkswagen conceded at oral argument that Volkswagen was not asserting that BCI's intervention was timely.

4

to collect the trust funds would thwart the receiver's ability "to protect the interests of the contributors to the trust fund." *Id.* at *2. This Court found that the receiver's intervention was timely in part because the construction company "knew through its previous correspondence . . . that buyers who contributed the monies which comprise the trust might have a claim to those funds." *Id.* at *3 (citing *McDonald*, 432 U.S. at 395 (postjudgment petition timely when defendant had notice of intervenor's potential claim); *Mothersill v. D.I.S.C. Corp. v. Petroleos Mexicanos*, 112 F.R.D. 87, 91 (E.D. Tex. 1986) (post-judgment motion for intervention caused no prejudice where funds sought were controlled by court, party opposing intervention knew of applicant's interest, and other parties were unaffected)). The same goes here, as Volkswagen knew from its correspondence with BCI that it had a claim to the funds in the PayPal account. Given this precedent, and that Volkswagen has not adequately presented an argument disputing the timeliness of BCI's motion to intervene, the Court finds that BCI's motion is timely.

  ii.  Interest

Courts have repeatedly observed that the "interest" requirement "has never been defined with particular precision." *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, No. 08 C 6992, 2012 WL 13036866, at *4 (N.D. Ill. Apr. 30, 2012); *see also Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380-81 (7th Cir. 1995) (same). It is generally described as a "direct, significant, legally protectable" interest that is "something more than a mere betting interest but less than a property right."

5

*Schipporeit*, 69 F.3d at 1380-81. Ultimately, it is "a highly fact-specific determination, making comparison to other cases of limited value." *Id*. at 1381.

Volkswagen argues BCI does not have an interest because it "makes no averment to the ultimate disposition of the trademark infringement and counterfeiting claims, which is the subject matter of this litigation." (Dkt. 73 at 7-8 (citing *Miller v. JanLab, Inc.*, 2014 U.S. Dist. LEXIS 153187, *7-8 (N.D. In. Oct. 28, 2014); *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982)). Instead, Volkswagen says BCI's interest is "is nothing more than a betting interest in the outcome of the case because its interest is entirely contingent on the Stores prevailing against Volkswagen." (*Id*. at 8 (cleaned up).)

This is simply not true. BCI claims a proportion of the funds restrained by the Court do not belong to the Stores. Accordingly, BCI does not have a betting interest in which party prevails. Just the opposite: it has an interest in the funds regardless of which party prevails. *See Zurich Capital Markets Inc. v. Coglianese*, 236 F.R.D. 379, 385 (N.D. Ill. 2006) (when the Court restrains an asset of a trust, the trustee's interest "is more closely akin to a property interest than a 'betting' interest").

In addition to contending that BCI has a mere betting interest, Volkswagen relies on three cases where this Court denied PayPal accountholders' requests to intervene: (1) *Chrome Hearts LLC* v. *P'ships & Unincorporated Assns. Identified on Schedule "A"*, 2015 U.S. Dist. LEXIS 120232 (N.D. Ill. Sept. 9, 2015); (2) *Manolo Blahnik Int'l, Ltd. v. The P'ships, et al.*, No. 14-cv-9752 (N.D. Ill. Apr. 22, 2015) (Docket No. 75); and (3) *Oakley, Inc. v. Xinhuanhuan, et al.*, No. 14-cv-6961 (N.D. Ill.

6

Nov. 14, 2014) (Docket No. 88).[2] In each of those cases, the intervening accountholders admitted that defendants accessed their PayPal accounts but alleged that they were the true owners of the funds. Accordingly, the intervenors sought to litigate the ownership of the PayPal funds in the underlying trademark action. *Chrome Hearts* rejected this and explained that "[t]he question of the ownership of a PayPal account is tangential to the underlying dispute here and is better addressed through direct action by [intervenor] against [the defendant] in another forum." *Chrome Hearts*, 2015 U.S. Dist. LEXIS 120232, at *7-8. *Manolo Blahnik* and *Xinhuanhuan* reached the same conclusion, for the same reason. *See Manolo Blahnik*, No. 14-cv-9752, Dkt. 75 at 4 ("it seems that [the proposed intervenors'] claims are better directed toward the individuals in China to whom they lent their PayPal accounts and who allegedly used those accounts for illicit purposes"); *Xinhuanhuan*, No. 14-cv-6961, Dkt. 88 at 2 (intervenor claimed defendant did not have permission to access the PayPal account).

BCI argues that *Manolo Blahnik* is distinguishable because (1) the proposed intervenor there attempted to challenge personal jurisdiction; and (2) the Court was "considering a motion to set aside the default judgment that had been entered." (Dkt. 75 at 7.) BCI, on the other hand, is not challenging personal jurisdiction and only seeks to amend (rather than vacate) the Court's judgment to remove the restraint on the PayPal account. Neither of these differences matter. Although it is commendable

---

[2] Volkswagen also relies on *Thompson v. United States*, 268 F.R.D. 319 (N.D. Ill. 2010). The intervenor in that case held an unsatisfied judgment against a party. *Id.* at 322. Because such an interest is only of value if the party against whom the judgment is held prevails, it is more akin to a betting interest than a property interest and cannot support intervention.

7

that BCI is not frivolously challenging personal jurisdiction while seeking to intervene, that has little bearing on the intervention analysis. Moreover, the same reasoning applies to intervention for the purpose of vacating a judgment as would apply to intervention for the purpose of amending one.

BCI's attempt to distinguish *Chrome Hearts* is even less availing. BCI argues the court should not follow that decision because "the magnitude of the movant's interest was significantly different in *Chrome Hearts* versus here. In *Chrome Hearts*, the movant contended that $6,800 of revenue in the PayPal account was frozen that should not have been. Here, third-party funds of $141,080.41 stand to be irretrievably lost upon liquidation of the PayPal Account." (*Id.* at 8.) No authority recognizes the magnitude of the intervenor's interest as a factor, and there is no reason to believe it should be.

But *Chrome Hearts*, *Xinhuanhuan*, and *Manolo Blahnik* differ from this case in one crucial respect that BCI fails to identify in its briefs. In those cases, the intervening party had a claim that it could assert against the defaulting defendants in a separate action. *See Chrome Hearts*, 2015 U.S. Dist. LEXIS 120232, at *9 ("a finding against Tinachen on Chrome Hearts' trademark infringement claims would not inhibit Zhang from filing an action against her to reclaim his alleged property interest in the PayPal funds. Because Zhang has alternative avenues to resolve his separate issues with Tinachen, his interests are not impaired by the adjudication of this case"); *Manolo Blahnik*, No. 14-cv-9752, Dkt. 75 at 4; *Xinhuanhuan*, No. 14-cv-6961, Dkt. 88 at 2. As *Chrome Hearts* explained, intervention needed to be denied in

8

part to avoid litigating the tangentially related competing claims to ownership of the funds. *Chrome Hearts*, 2015 U.S. Dist. LEXIS 120232, at *9 ("The question of the ownership of a PayPal account is tangential to the underlying dispute here and is better addressed through direct action by Zhang against Tinachen in another forum").

BCI, however, does not have a claim against the Stores. It asserts that it was holding the PayPal funds in trust for the Stores and others. At oral argument, Volkswagen's counsel suggested that BCI could pursue an action for breach of contract or tortious interference with business relations against the Stores. But it is not clear to the Court what those claims would look like or if they would be viable. This distinguishes *Chrome Hearts*, *Manolo Blahnik*, and *Xinhuanhuan*, where the intervenors had obvious claims against parties that unlawfully intruded in their PayPal accounts. Unlike those intervenors, it is now or never for BCI.

Contrary to *Chrome Hearts*, *Manolo Blahnik*, and *Xinhuanhuan*, courts in this district have frequently allowed trustees to intervene where the court asserted jurisdiction over funds in which the intervenor held a property interest in its capacity as a trustee. *E.g.*, *Gibralter Mausoleum Corp.*, No. 92 C 5228, 1993 WL 135454, at *3 (discussed *supra*); *Coglianese*, 236 F.R.D. at 384 (liquidator of trust allowed to intervene where plaintiff sought to seize asset that the defaulting defendant allegedly conveyed to the trust); *Citibank, N.A. v. Park-Kenilworth Indus., Inc.*, 109 B.R. 321, 324 (N.D. Ill. 1989) (allowing trustee who had a duty to protect the assets of the estate to intervene where plaintiffs in the action sought to recover a valuable asset of the bankruptcy estate). In such cases, the intervenor "is not seeking to intervene only

9

because he is concerned that the default judgment may result in a depletion of [the defendant's] assets, which would affect his ability to collect money from" the defaulting defendant. *Coglianese*, 236 F.R.D. at 384. Instead, the intervenor "argues that the specific assets that [plaintiff] seeks to collect belong to" the trust itself. *Id.* That is precisely the situation here, and BCI therefore asserts a legally protectable interest. *Schipporeit, Inc.*, 69 F.3d at 1380.

### iii. Potential Impairment

BCI's rights will be impaired if intervention is denied. As discussed above, because BCI has no recourse for reclaiming the funds if this Court denies intervention, its interests will be impaired. *Cf. Gibralter Mausoleum Corp.*, 1993 WL 135454, at *3 (receiver of trust allowed to intervene because she "has no alternative—apart from intervention in these proceedings—to prevent the extinguishment of the trust funds"). This distinguishes this case from those where courts have denied intervention because the intervenor had an alternative forum for pursuing its claim to the restrained assets. *See United States Commodity Futures Trading Comm'n v. Wilkinson*, No. 16 C 6734, 2016 WL 7014066, at *3 (N.D. Ill. Nov. 30, 2016) (collecting cases).

### iv. Adequate Representation

The Stores failed to appear and are apparently uninterested in defending their right to the small fraction of the PayPal account that allegedly belongs to them. Because the interest of the other contributors to the PayPal account are not represented absent intervention, this element is met. *See Gibralter Mausoleum Corp.*

10

*See* 1993 WL 135454, at *3 ("Absent [the intervenor's] effort to lay claim to the trust corpus, the interests of the original trust contributors are now unrepresented").

* * *

At both oral argument and in much of its briefing, Volkswagen premises its objection to intervention on the Court rejecting outright BCI's claim that it was acting as trustee, because that claim is not "supported by any evidence." (Dkt. 73 at 2; *id.* at 14-15 & n. 2 (same).) That argument is contrary to the standard for reviewing motions to intervene. *City of Chicago*, 912 F.3d at 984 (courts "must accept as true the non-conclusory allegations of the motion"). It also overlooks that BCI's motion is in fact supported by evidence in the form of a sworn declaration. (Dkt. 70-2); *see Thompson v. United States*, 431 F. App'x 491, 493 (7th Cir. 2011) (nonprecedential disposition) (sworn declaration is a form of evidence); *In re Sharif*, No. 09-BK-05868, 2017 WL 4310538, at *6 (N.D. Ill. Sept. 28, 2017) (sworn declaration is competent evidence a party may submit in support of intervention). Because it does not "appear[] to a certainty that the intervenor is not entitled to relief under any set of facts[,]" *City of Chicago*, 912 F.3d at 984, the Court must grant BCI leave to intervene as of right.

B. Permissive Intervention

Permissive intervention is appropriate only when the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Courts also consider whether the permissive intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Vollmer v. Publishers Clearing House*, 248 F.3d 698, 707 (7th

11

Cir. 2001). BCI has a claim that shares with the main action a common question of fact regarding whether the PayPal funds belong to the Stores, and injunctive relief in the form of an order transferring those funds is proper. *Cf. Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 368 (3d Cir. 1995) (intervenor "may not have an interest in the merits of the claims pending between" the parties, but "they do have an interest in the property over which the court has taken jurisdiction. Clearly they have an interest in being heard with respect to the disposition of that fund").

Moreover, Volkswagen's rights are not unduly delayed or prejudiced by allowing intervention. It was fully-aware that BCI had a claim to the PayPal funds before it sought a judgment ordering them transferred. And it was only able to obtain such a quick judgment because the Stores never appeared to defend themselves. Even now, the adjudication of liability against the Stores is not under attack; only Volkswagen's right to seize funds that may not belong to the parties it sued. The typical judgment in a civil case does not include an order transferring specific funds from a specific account, and Volkswagen is not unduly prejudiced by allowing BCI to intervene to ensure the extraordinary relief Volkswagen received was in fact correctly awarded. The Court thus finds that permissive intervention should be allowed even if intervention of right were not.

### III.   CONCLUSION

For the foregoing reasons, the Court grants BCI's Motion to Intervene. A status hearing to consider further proceedings will be set by separate order.

SO ORDERED in No. 20-cv-03128.

Date: March 26, 2021

JOHN F. KNESS
United States District Judge